Order affirmed, with $10 costs and disbursements.

Village of Barker, Respondent, *v.* Earl B. Taylor, Appellant.

Fourth Department, May 9, 1956.

*James A. Hughes* and *Joseph Speranza* for respondent.

*A. Thorne Hills* for appellant.

Vaughan, J. This is an appeal from an order of the Niagara Special Term adjudging defendant guilty of willful disobedience of a judgment theretofore granted on July 25, 1946, permanently restraining the defendant from, in any manner, interfering with, obstructing tending to obstruct or rendering dangerous that portion of a passageway and the sidewalks on either side

thereof, which extends northerly from the intersection of Pallister Avenue and Church Street in the village of Barker, New York, to the New York Central tracks located some 200 feet north of Church Street.

The court, upon the trial of the injunction action, found the macadam pavement of said passageway to be 14 feet in width from Church Street to a point 150 feet north therefrom where it widens to 20 feet and then narrows to 16 feet at the railroad tracks. The sidewalks on either side of the passageway were found to be 3 feet in width, the one on the easterly side extending 65 feet north from Church Street with a space between the sidewalk and the macadam of about 10 feet. The one on the other or westerly side extends north from Church Street for a distance of 120 feet with a space between the sidewalk and the macadam pavement varying from 10 to 15 feet in width. That portion of the passageway extending between Church Street and the New York Central tracks, the court found to be a public street, by reason of length of user and maintenance by the public.

The injunction order also prohibits the defendant from violating certain ordinances relating to the obstruction of streets and sidewalks within the village. The village authorities feeling that the defendant had violated the injunction by continuing to park and store nonoperative motor vehicles and junk upon the space between the paved portion of the highway and the sidewalks and upon the sidewalks, made application upon an order to show cause to punish the defendant for contempt. Following a hearing thereon, the court adjudged the defendant in contempt. The defendant appeals.

If the provisions in the judgment prohibiting the defendant from, in any manner, obstructing or interfering with the passageway described in the injunction order prohibit the obstructing of the space between the paved portion of the highway and the sidewalks and upon the sidewalks, what was done by the defendant was a violation of the injunction. However, in the light of the original findings in the injunction action, the findings and order of contempt based thereon in this record are without support under the evidence herein. The court, in the contempt proceeding, found the public highway or passageway in question to be 40.5 feet in width throughout its entire distance of 194.04 feet from the center of Church Street to the railroad tracks and then proceeds to hold defendant in contempt based on those findings. The injunction order of 1946 contained no such findings.

It clearly appears from the present findings that the application to punish for contempt was granted, not for obstructing the street described in the injunction order, but rather for obstructing a newly described street, the description of which is based upon a map made by Charles J. Hinton, a land surveyor and highway engineer, on December 23, 1954, some five months following the trial of the contempt proceeding and some eight years following the trial of the injunction action. Hinton was called as a witness for the plaintiff and testified upon both trials but as far as the record discloses, never described the passageway in question as depicted upon the map appearing in the present record. There was received in evidence upon the trial of the application to punish for contempt, a map made by the witness Hinton which was claimed to be a duplicate of a map received in evidence by the court upon the trial of the injunction action in 1946. This map did not conform to the original findings of the trial court. The court, however, in the instant proceeding, did not predicate its findings on the map claimed to have been used in the injunction proceeding but rather upon an entirely new map which was not before the court at the time of the granting of the injunction or before the court upon the trial of the contempt proceeding.

It follows that the order appealed from should be reversed and the application to punish for contempt denied.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.

Order reversed on the law and facts, with costs, and application to punish for contempt of court denied. Certain findings of fact disapproved and reversed and new findings made.